NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1231

GARY J. COLASSI,

Plaintiff-Appellee,

v.

CYBEX INTERNATIONAL, INC.,

Defendant-Appellant.

Frederick C. Laney, Niro, Scavone, Haller & Niro, of Chicago, Illinois, argued for plaintiff-appellee.  With him on the brief were Timothy J. Haller and Paul K. Vickrey.

Robert M. Fuhrer, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., of New York, New York, argued for defendant-appellant.  Of counsel on the brief was Michael Cukor, of Newark, New Jersey.

Appealed from:  United States District Court for the District of Massachusetts

Judge Ray W. Zobel

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1231

GARY J. COLASSI,

Plaintiff-Appellee,

v.

CYBEX INTERNATIONAL, INC.,

Defendant-Appellant.

_____

DECIDED:  February 14, 2007

_____

Before NEWMAN, DYK, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Gary J. Colassi filed suit against Cybex International, Inc. ("Cybex") in the United States District Court for the District of Massachusetts alleging infringement of U.S. Patent No. 6,123,646 ("'646 patent").  The district court entered judgment following a jury verdict in favor of Mr. Colassi.  Cybex appeals the district court's claim construction, its order granting Mr. Colassi's motion in limine to preclude Cybex from arguing the reverse doctrine of equivalents to the jury, and its denial of Cybex's motion for judgment as a matter of law.  We <u>affirm</u>.

BACKGROUND

Mr. Colassi owns the '646 patent, entitled "Treadmill Belt Support Deck." As the name implies, the invention is directed toward an improved deck assembly for supporting the underside of an exercise treadmill belt. The patent discloses a deck assembly comprised of (1) a deck board, which supports the weight of the user, (2) an anchor board, which anchors the deck assembly to the treadmill frame, and (3) a hinge, which connects the deck board to the anchor board. '646 patent, col. 2, ll. 1-26.

Cybex manufactures treadmills, including certain treadmill models that have a deck suspension system identified by Cybex's Stableflex® trademark. On September 27, 2002, Mr. Colassi filed a complaint against Cybex alleging that it was infringing the '646 patent by making, selling, offering to sell, and using treadmills containing its Stableflex® deck system. Cybex filed counterclaims seeking declaratory judgments of non-infringement, invalidity, and unenforceability.

The district court issued a number of pre- and post-trial orders relevant to this appeal. First, the district court held a Markman hearing and construed certain disputed claim terms. Colassi v. Cybex Int'l, Inc., No. 02-11909 (D. Mass. Feb. 27, 2004) ("Claim Construction Order"). In addition, the district court granted Mr. Colassi's motion in limine to preclude Cybex from arguing non-infringement under the reverse doctrine of equivalents. Colassi v. Cybex Int'l, Inc., No. 02-11909 (D. Mass. Aug. 16, 2005).

The jury returned a special verdict, finding that each of the accused models of treadmills infringed claims 1, 4, and 11 of the '646 patent, and the court entered judgment in favor of Mr. Colassi. The court also denied Cybex's motion for judgment as a matter of law of non-infringement. Finally, the court entered a stipulated dismissal

with prejudice of Cybex's counterclaims. Cybex now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

Cybex makes four arguments on appeal. First, Cybex argues that the district court's claim construction was erroneous. Second, Cybex argues that that the district court "erred by condoning an erroneous infringement analysis" of a means plus function limitation. Third, Cybex argues that the district court improperly granted "de facto" summary judgment when it granted Mr. Colassi's motion in limine to preclude Cybex from arguing non-infringement under the reverse doctrine of equivalents. Finally, Cybex argues that the district court erred in denying its motion for judgment as a matter of law because there was insufficient evidence for the jury to find infringement by all of the accused treadmill models.

A.  Claim Construction

Cybex first takes issue with the district court's claim construction. This court reviews claim construction de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc).

Of the asserted claims, claims 1 and 11 are independent. Claim 1 reads:

> 1. For use in an exercise treadmill with a frame supporting rollers and a belt driven around the rollers through an upper course and a lower course, a deck for supporting the belt in its upper course, the deck comprising:
> a rigid planar member adapted to extend under and adjacent the upper course;
> means adapted to anchor the planar member on the treadmill frame; and
> a flexible hinge yieldingly connecting one end of the planar member to the anchor means and adapted to resiliently absorb the shock of treading normal to and along the upper course.

'646 patent, col. 2, ll. 56-67. And claim 11 reads:

> 11. An exercise treadmill comprising:

a frame supporting rollers;
a belt guided around the rollers through an upper course and a lower course;
a deck supporting the belt in its upper course, the deck including: a rigid planar member extending under and supporting the upper course of the belt;
means to anchor the planar member on the treadmill frame including means to fasten the anchor means to the frame; and
a flexible hinge resiliently connecting one end of the planar member to the anchor means.

'646 patent, col. 3, l. 36-col. 4, l. 2.  Each of the asserted claims requires, among other things, (1) a planar member, (2) an anchor means, and (3) a hinge.

Cybex argues that the district court's claim construction was wrong in two respects.  First, Cybex argues that the district court erred in refusing to require that the planar member, anchor means, and hinge of the claimed deck be "structurally separate" components.  We disagree.  The '646 patent specification discloses a preferred embodiment deck in which the planar member, anchor means, and hinge are permanently attached to each other with staples and "K-Grip Solvent Cement."  '646 patent, col. 2, ll. 19-22.  Because the components of the preferred embodiment deck are permanently attached, we view Cybex's proposed "structurally separate" limitation to mean that an infringing deck must be assembled from what was once three (structurally separate) parts.  In other words, Cybex is attempting to introduce a limitation directed to how the claimed apparatus must be constructed.  We see no basis, however, for imposing such a limitation.  Accordingly, we reject Cybex's proposed construction.

Next, Cybex argues that the district court erred in when it declined to construe the claimed "hinge" to require that it absorb "horizontal shock."  In support of its construction Cybex points to a passage in the specification that states, "Preferably the hinge is located, as shown, at the end of the upper course of the belt where it can

absorb lengthwise shock by flexure as well as by its inherent longitudinal elasticity." '646 patent, col. 2, ll. 16-19. But this statement merely points out that if the hinge is located at the end of the belt, it can absorb horizontal shock. The asserted claims, however, do not require that the hinge be located at the end of the belt, nor do they specifically require that the hinge absorb horizontal shock. Indeed, claim 11's hinge limitation doesn't even mention shock at all.[1] Because Cybex provides us with no persuasive basis to conclude that the district court's claim construction was erroneous, we affirm the court's construction.

## B. Means-Plus-Function Infringement Analysis

Next, Cybex argues that the district court "erred by condoning an erroneous infringement analysis" of the "means adapted to anchor" limitation of claim 1 and the "means to anchor" limitation of claim 11, both of which the district court held were means-plus-function limitations.[2] Cybex asserts that the district court impermissibly "permitted" the jury to compare the anchor means described in the specification with less than all of the structure that performs the claimed anchoring function in the accused device.

Cybex has not made clear to this court, however, where it thinks the district court went wrong. To the extent that Cybex is arguing that the jury instructions were

---

[1] Cybex also points to statements made by the inventor during the patent's prosecution that, it argues, limit the claimed hinge to structures that absorb horizontal shock. We have reviewed the prosecution history and do not construe the statements pointed to by Cybex as a disclaimer, especially in light of the above-quoted language from the specification.

[2] The district court construed each of these limitations under 35 U.S.C. § 112(6) by identifying the claimed function and the corresponding structure described in the specification. Claim Construction Order, slip op. at 3.

---

improper, we reject that argument because Cybex never objected to the jury instructions nor has it shown that the instructions were plainly erroneous. Fed. R. Civ. P. 51(d). To the extent that Cybex is attacking the sufficiency of the evidence that the anchor means claim limitation was met by the accused device, Cybex has waived this argument because it did not file a motion for judgment as a matter of law on this issue. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 862 (Fed. Cir. 1991). Consequently, we see no basis to assign error to the district court.

## C. Reverse Doctrine of Equivalents

Next, Cybex argues that the district court erred in granting Mr. Colassi's motion in limine to preclude Cybex from arguing non-infringement under the reverse doctrine of equivalents to the jury. Cybex argues that the district court's grant of this motion in limine was a "de facto summary judgment" because it amounted to a determination that the reverse doctrine of equivalents did not apply.

On appeal, Cybex has not directed this court to any facts in the record that would support a determination of non-infringement under the reverse doctrine of equivalents. Instead, Cybex offers only attorney argument. Accordingly, to the extent that the district court's grant of the motion in limine was indeed a "de facto summary judgment," we cannot say that it was improper. For the same reason, we hold that the district court did not abuse its discretion in granting Mr. Colassi's motion in limine.

## D. Judgment as a Matter of Law of Non-Infringement

Finally, Cybex argues that the district court erred in denying its motion for judgment as a matter of law because there was insufficient evidence for the jury to find infringement by all of the accused Stableflex® treadmill models. This court reviews the

district court's denial of a motion for judgment as a matter of law by reapplying the judgment as a matter of law standard. Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995) (en banc). Judgment as a matter of law is appropriate when there is "no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). Consequently, this court must uphold the district court's denial of Cybex's motion for judgment as a matter of law unless the record reveals "no legally sufficient evidentiary basis" for the jury's finding of infringement by all of the accused Stableflex® models. Id.

In essence, Cybex argues that Mr. Colassi only presented evidence of the structure of one of the eleven accused Stableflex® models and that the other Stableflex® models do not have the same relevant structure. Specifically, Cybex points out that Mr. Colassi's theory of infringement requires that the accused treadmill decks have (1) deck stiffeners, (2) bolts anchoring the deck to the rear supports of the treadmill frame, and (3) a gap between the stiffeners and the rear supports. Cybex contends that some of the eleven accused Stableflex® models do not have a gap either because their stiffeners run the entire length of the deck or because they do not have any stiffeners at all. Cybex argues that the district court should have granted its motion for judgment as a matter of law because the jury only heard evidence pertaining to one of the eleven Stableflex® models—one that has a gap—and the jury heard no evidence that the other Stableflex® models have a gap.

We disagree. During trial, Mr. Colassi's counsel examined Mr. Giannelli, Cybex's R&D manager, regarding the content of one of Cybex's interrogatory responses (emphases added):

Q.      Well, let me just quote from your own language, and this is in the middle of the supplemental response, quote, "The deck of the Cybex Stableflex® treadmills," plural, "comprised of a one-inch thick piece of plywood supported on either side by stiffeners extending substantially the entire length of the deck except for one-half inch section just before the rear supports, which are welded to the treadmill frame and from the rear of the deck to which the rear supports attach.  The deck is bolted to the rear supports." Do you see that, sir?
A.      Yes.
Q.      And you're talking about, not just one model, but multiple models?
A.      In this language, yes.  The only correction I would say is that some variants had more than one bushing in the front, more than one elastomeric, which I testified on various occasions.

On appeal, the parties agree that the structure described in the interrogatory response contains a gap, and thus would infringe under the district court's claim construction.

Because the interrogatory response refers to the structure of "the Cybex Stableflex® treadmills," we believe that Mr. Giannelli's testimony provided the jury with an evidentiary basis to conclude that all of the Cybex Stableflex® treadmills possess a gap, and thus infringe.  Because there is a sufficient evidentiary basis for the jury's verdict, we must affirm the district court's denial of Cybex's motion for judgment as a matter of law.

CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.  Each party shall bear its own costs.

2006-1231                                8